**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| AAA NEVADA INSURANCE COMPANY, | ) | |
| | ) | 2:08-cv-00827-RCJ-LRL |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| VINH CHAU; LANG CHAU; DOES 1–20; and ROES 1–20 inclusive, | ) | |
| | ) | |
| *Defendants*. | ) | |

**I. INTRODUCTION**

Before the Court are Plaintiff AAA's Motion for Sanctions Pursuant to Rule 11 (#52), Plaintiff AAA's Redacted Motion for Summary Judgment (#57), the Buenaventuras' Motion to Dismiss (#63), and the Buenaventuras' Motion to Reconsider (#64). This is an insurance case in federal court based on diversity jurisdiction. Plaintiff Insurance Company AAA Nevada brought suit against its insured for declaratory judgment on the policy limit of its insurance policy with the insured. The Buenaventuras are parties in an underlying state court suit for wrongful death against AAA's insureds, Defendants Vinh Chau and Lang Chau.

The Court has considered the pleadings and argument of all parties. IT IS HEREBY ORDERED that this Court has no jurisdiction and this case is DISMISSED.

IT IS FURTHER ORDERED that AAA's Motion for Sanctions Pursuant to Rule 11 (#52), AAA's Redacted Motion for Summary Judgment (#57), and The Buenaventuras' Motion to Reconsider (#64) are DENIED as moot.

IT IS FURTHER ORDERED that all previous Orders in this case are VACATED as moot.

## II.  FACTS

Defendant Vinh Chau ("Defendant") was insured by Plaintiff AAA Nevada Insurance Company ("AAA") when he was in a car accident with Benjamin Buenaventura, resulting in Buenaventura's death. Defendant's policy with AAA included bodily injury liability limits of $100,000 per person and $300,000 per accident. Defendant reported the accident to AAA on November 21, 2006. On December 18, 2006, Kristine Jansen of Christensen Law Office wrote to AAA that he represented Clara Buenaventura and Benjamin Buenaventura in a claim for wrongful death against Defendant as a result of the accident. In that letter, counsel for the Buenaventuras stated that his client would settle for the policy limits, provided (1) AAA paid within two weeks and (2) provided proof that those are the only policy limits available to provide compensation for his client. In that correspondence, the Buenaventura's counsel did not identify all heirs of decedent or lienholders, nor provide a release. AAA spent the next two weeks attempting to contact Jansen to follow up with its questions on these two matters and respond to the offer. It went to the extent of physically visiting his offices, writing a check for the amount, but was unable to get in touch with Jansen.

In the months that followed, AAA continued to attempt to settle the offer with Jansen. Finally in April 2007, Christensen Law Office wrote to AAA that its client was no longer willing to settle for the policy limits and alleged that AAA had failed to respond to the policy limits demand. In September 2007, the parties attempting to intervene in this case filed a wrongful death action against Defendant. They seek a judgment of $999,997.00.

AAA filed the present complaint in June 2008 for declaratory relief regarding the insurance policy. (#1). In April 2009, Benjamin Buenaventura, Jr., Mark Francis Buenaventura, Fides Palapar, Mary Christine Pangilinan, Laura Buenaventura, Maria Buenaventura, Rosalind Bacus, and Clara Deleon Buenaventura (collectively "the Buenaventuras") moved to intervene. (#33). This motion was denied without prejudice on June 19, 2009. (#59). The Court also considered AAA's

Motion for Summary Judgment (#28) and granted it, but reversed and/or vacated its prior order granting AAA's motion to file its summary judgment motion under seal (#28). Accordingly, this Court directed AAA to refile its motion for summary judgment with the confidential portions redacted. (#54). AAA did so, filing the present motion for summary judgment under consideration (#57). AAA filed its Motion for Sanctions (#52) prior to the Court's adjudication of AAA's Motion for Summary Judgment (#28) and before the Buenaventuras' Motion to Intervene (#33). The Buenaventuras have filed their Motion to Reconsider (#64) the Courts denial of their intervention, as well as a Motion to Dismiss, claiming that the suit before this Court is not ripe. (#64).

### III.  DISCUSSION

#### A.  Proposed The Buenaventuras Can Challenge Jurisdiction

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3) (2008). The previous version of Rule 12(h)(3) stated "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3) (2006). The change, however, was not intended to be substantive. The notes regarding the 2007 Amendments to the Rules state: "The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. Pro. 12 advisory committee's note (2008). Interpreting the current version of the Rule in light of the previous version of the rule, it is apparent that a third-party may suggest to the Court that it does not have jurisdiction. *See Clissuras v. City Univ. of New York*, 359 F.3d 79 (2d Cir. 2004).

AAA first contends that the Buenaventuras' motion is based on AAA's alleged failure to state a claim under 12(b)(6), something improper since they are not parties to the suit. AAA points to Nevada law, which does not provide a cause of action for third-party claimants against an alleged

tortfeasor's insurers in contract or tort, where the claimant has not obtained a judgement against the alleged tortfeasor. AAA is correct in asserting that a motion under 12(b)(6) may not be made by a non-party and therefore should not be considered because there is no standing. However, as noted earlier, Rule 12 requires that the Court dismiss the case whenever it is discovered that it lacks jurisdiction. So, despite the procedural failings of the Buenaventuras' "motion," the Court can and should consider the arguments therein to determine whether this Court has jurisdiction over the current suit.

### 2. This Court Does Not Have Jurisdiction

This is a declaratory judgment action in which subject matter jurisdiction is based solely on diversity, so federal law determines the issue of whether or not a justiciable controversy exists within the purview of the Declaratory Judgment Act, 28 U.S.C. § 2201. *MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark*, 558 F. Supp. 596, 598 (S.D. Ala. 1983). State law applies to governance of the rights of parties regarding substantive matters. *See St. Paul Fire and Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979); *MacMillan-Bloedel*, *supra*. Unless an actual controversy exists, the Court is without power to grant declaratory relief. 28 U.S.C. § 2201. *See also Garcia v. Brownell*, 236 F.2d 356, 357–58 (9th Cir. 1956), *cert. denied*, 362 U.S. 963 (1960). In *Eureka Fed. Sav. & Loan Ass'n v. American Casualty Co.*, 873 F.2d 229, 231 (9th Cir. 1989), the Ninth Circuit determined that declaratory judgment actions are justiciable when: (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. The key question is "whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972), quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Court cannot

grant declaratory relief if the asserted controversy involves only future or speculative rights. *County of Santa Barbara v. United States*, 269 F. Supp. 855, 862 (C.D. Cal. 1967).

Therefore, it becomes imperative to look at the proposed cause of action to determine if there is a justiciable claim. Under Nevada law, an insurer has an obligation to act in good faith with its insureds. *Pemberton v. Farmer's Ins. Exch.*, 858 P2d 380, 382 (Nev. 1993). Accordingly, "an insurance company may be liable for its failure to accept clear and unambiguous settlement offer within reasonable time limits place on the offer by an injured plaintiff." *Baton v. Transamerica Ins. Co.*, 584 F.2d 907, 913–14 (9th Cir. 1978). AAA claims that it brings the current suit to determine liability and allow for appropriate evaluation of settlement demands. AAA contends that the inability to obtain this relief puts it at risk of breaching its duties to its insured, Defendant.

However, AAA has failed to establish that the present action is ripe. It is undisputed that AAA has a current contract with Defendant, that there is claim against AAA, and that AAA has the obligation to defend and indemnify. It is also undisputed that Defendant's policy limit with AAA is $100,000.00 per person and $300,000.00 per occurrence. The real issue that AAA is seeking to determine is whether or not they are liable for any greater amount, pursuant to a claim for bad faith, which is an affirmative defense alleged in Defendant's Answer. As AAA's Complaint states, "AAA desires a judicial determination of its rights and duties, and a declaration as to its liability under the insurance contract." (Complaint ¶ 24, #1). The Complaint alleges facts that bear on its duty to indemnify and defend. (Complaint ¶¶ 9–21, #1). While a determination as to the liability under the contract may be appropriate for declaratory relief, as there is a risk of immediate effect on an existing controversy, that is not the real issue in this case.

This case, in effect, seeks to establish that AAA did not act in bad faith, but no bad faith claim has arisen. While potentially wrongful conduct for an alleged failure of AAA to fulfill its duty to defend or settle already took place, there are, as of yet, no damages. This is distinguishable from cases such as those involving underinsured motorists claims where a party is suing for an amount

claimed that was denied by the insurer. In that case, the plaintiff can bring the suit for bad faith because they are alleging damages via the denial of their claim. Each element of bad faith is present. This is distinguishable from a case such as the present one, where there is no actual claim for damages yet. In the case at bar, Defendant has suffered no damages. AAA is defending him in the underlying state suit and Defendant has not been exposed to any liability beyond the *potential* judgment in that suit. In the scenario that a jury find in favor of Defendant, he will never have a claim for bad faith because he will never have damages. In the alternative, if and when he is exposed to such an adverse judgment, assuming wrongful behavior on the part of AAA, Defendant would then have a ripe claim for bad faith.

While the present suit would, pursuant to *Eureka Fed. Sav. & Loan Ass'n*, 873 F.2d at 231, serve a useful purpose in clarifying and settling the legal relations in issue and afford relief from uncertainty and insecurity, it fails in the most important respect. Right now, there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MacMullan*, 406 U.S. at 506. Without an existing dispute, this case is outside of the Constitutional requirement of a justiciable "case" or "controversy" over which this Court may preside. This Court, therefore, has no jurisdiction to hear this case. As such, all other motions under consideration are moot and previous Orders in this suit should be vacated.

### IV. CONCLUSION

The Court has considered the pleadings and argument of all parties. IT IS HEREBY ORDERED that this Court has no jurisdiction this case is hereby DISMISSED.

IT IS FURTHER ORDERED that AAA's Motion for Sanctions Pursuant to Rule 11 (#52), AAA's Redacted Motion for Summary Judgment (#57), and the Buenaventuras' Motion to Reconsider (#64) are DENIED as moot.

1   IT IS FURTHER ORDERED that all previous Orders in this case are VACATED as moot.

2   DATED:        November 4, 2009

_____
Robert C. Jones
United States District Judge