1

2

3

4

5

6                **UNITED STATES DISTRICT COURT**

7                     **DISTRICT OF NEVADA**

8

9    AAA NEVADA INSURANCE COMPANY,           )
                                             )        2:08-cv-00827-RCJ-LRL
10                   *Plaintiff,*             )
                                             )
11          vs.                              )            **ORDER**
                                             )
12   VINH CHAU; LANG CHAU; DOES 1–20; and    )
     ROES 1–20 inclusive,                    )
13                                           )
                     *Defendants.*           )
14   _____)

15                     **I.   INTRODUCTION**

16          Before the Court is Plaintiff AAA's Motion for Reconsideration Pursuant to FRCP 60(b)(1)

17   (#77).   On November 4, 2009, this Court entered an Order dismissing the case for lack of

18   jurisdiction.

19          The Court has considered the pleadings and arguments of all parties.  IT IS HEREBY

20   ORDERED that Plaintiff's motion (#77) is GRANTED.

21          IT IS FURTHER ORDERED that the November 4, 2009 Order is VACATED.

22          IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions Pursuant to Rule 11

23   (#52) is DENIED.

24          IT IS FURTHER ORDERED that the Buenaventuras' Motion to Reconsider (#64) is

25   GRANTED and they are hereby permitted to intervene in this case.

## II.  FACTS

Defendant Vinh Chau ("Defendant") was insured by Plaintiff AAA Nevada Insurance Company ("AAA") when he was in a car accident with Benjamin Buenaventura, resulting in Buenaventura's death.  Defendant's policy with AAA included bodily injury liability limits of $100,000 per person and $300,000 per accident.  Defendant reported the accident to AAA on November 21, 2006.  On December 18, 2006, Kristine Jansen of Christensen Law Office wrote to AAA that he represented Clara Buenaventura and Benjamin Buenaventura in a claim for wrongful death against Defendant as a result of the accident.  In that letter, counsel for the Buenaventuras stated that his client would settle for the policy limits, provided (1) AAA paid within two weeks and (2) provided proof that those are the only policy limits available to provide compensation for his client.  In that correspondence, the Buenaventura's counsel did not identify all heirs of decedent or lienholders, nor provide a release.  AAA spent the next two weeks attempting to contact Jansen to follow up with its questions on these two matters and respond to the offer.  It went to the extent of physically visiting his offices, writing a check for the amount, but was unable to get in touch with Jansen.

In the months that followed, AAA continued to attempt to settle the offer with Jansen. Finally in April 2007, Christensen Law Office wrote to AAA that its client was no longer willing to settle for the policy limits and alleged that AAA had failed to respond to the policy limits demand.  In September 2007, the parties attempting to intervene in this case filed a wrongful death action against Defendant.  They seek a judgment of $999,997.00.

AAA filed the present complaint in June 2008 for declaratory relief regarding the insurance policy. (#1).  In April 2009, Benjamin Buenaventura, Jr., Mark Francis Buenaventura, Fides Palapar, Mary Christine Pangilinan, Laura Buenaventura, Maria Buenaventura, Rosalind Bacus, and Clara Deleon Buenaventura (collectively "the Buenaventuras") moved to intervene. (#33).  This motion was denied without prejudice on June 19, 2009. (#59).  The Court also considered AAA's

1   Motion for Summary Judgment (#28) and granted it, but vacated its prior order and directed AAA

2   to re-file its motion for summary judgment with the confidential portions redacted. (#54). AAA

3   did so, filing a new motion for summary judgment (#57). AAA filed its Motion for Sanctions (#52)

4   prior to the Court's adjudication of AAA's Motion for Summary Judgment (#28) and before the

5   Buenaventuras' Motion to Intervene (#33). The Buenaventuras filed their Motion to Reconsider

6   (#64) the Courts denial of their intervention, as well as a Motion to Dismiss, claiming that the suit

7   before this Court is not ripe. (#64).

8          On November 4, 2009, the Court issued an Order dismissing the case for lack of jurisdiction.

9   On this basis, all of the motions before the Court were dismissed as moot. Plaintiff then brought

10  the instant motion (#77), requesting that the Court reconsider its previous Order pursuant to Rule

11  60(b)(1) of the Federal Rules of Civil Procedure. No opposition has been filed regarding this

12  motion. The basis for the Court's dismissal of the case was a lack of case or controversy. However,

13  as discussed below, it is clear that allowing such an Order to stand would be a mistake.

### III.   DISCUSSION

14

15  **A.     Legal Standard for Reconsideration**

16         Federal Rule 60(b) authorizes a trial court to reconsider a judgment or order. *See also De*

17  *Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district

18  court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). The party seeking

19  Rule 60(b) relief bears the burden of proving that the prerequisites for such relief are satisfied,

20  which are limited to the narrow grounds enumerated in the Rule. *United Student Funds, Inc. v.*

21  *Wylie (In re Wylie)*, 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006). Generally, the grounds that the

22  moving party may argue require a showing that events surrounding the judgment make its

23  enforcement unfair or inappropriate. *Id.*

24         More specifically, Rule 60(b)(1) authorizes relief from judgments for "mistake,

25  inadvertence, surprise, or exusable neglect." Fed. R. Civ. P. 60(b)(1). The Ninth Circuit, pursuant

1    to Rule 60(b)(1), permits a court to reconsider its Orders and Judgments.  *Kingsvision Pay-Per-*

2    *View v Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).  Additionally, Rule 60(b)(6) permits a

3    court to reconsider an order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

4    This Rule applies to final judgments or orders.  Insofar as the Court seeks to reconsider

5    interlocutory orders, the Court "possesses the inherent procedural power to reconsider, *rescind*, or

6    modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor*

7    *Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco,*

8    *Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  Dismissal of the case for lack of subject matter

9    jurisdiction is a final judgment, which is properly appealable under Rule 60.  Denial of intervention

10   of right is considered a final judgment, reviewed de novo by the Ninth Circuit, whereas the denial

11   of a motion for permissive intervention is not deemed an appealable final rule and is thereby

12   reviewed for abuse of discretion.  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950,

13   955 (9th Cir. 2009).

14   **B.      This Court Has Jurisdiction Over This Declaratory Judgment Action**

15          This is a declaratory judgment action in which subject matter jurisdiction is based solely on

16   diversity, so federal law determines the issue of whether or not  a justiciable controversy exists

17   within the purview of the Declaratory Judgment Act, 28 U.S.C. § 2201.  *MacMillan-Bloedel, Inc.*

18   *v. Firemen's Ins. Co. of Newark*, 558 F. Supp. 596, 598 (S.D. Ala. 1983).  State law applies to

19   governance of the rights of parties regarding substantive matters. *See St. Paul Fire and Marine Ins.*

20   *Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979); *MacMillan-Bloedel*, *supra*.  Unless an actual

21   controversy exists, the Court is without power to grant declaratory relief.  28 U.S.C. § 2201.  *See*

22   *also Garcia v. Brownell*, 236 F.2d 356, 357–58 (9th Cir. 1956), *cert. denied*, 362 U.S. 963 (1960).

23   In *Eureka Fed. Sav. & Loan Ass'n v. American Casualty Co.*, 873 F.2d 229, 231 (9th Cir. 1989),

24   the Ninth Circuit determined that declaratory judgment actions are justiciable when: (1) the

25   judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2)

1   when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to

2   the proceeding. The key question is "whether . . . there is a substantial controversy, between parties

3   having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

4   declaratory judgment." *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972), quoting

5   *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  The Court cannot

6   grant declaratory relief if the asserted controversy involves only future or speculative rights. *County*

7   *of Santa Barbara v. United States*, 269 F. Supp. 855, 862 (C.D. Cal. 1967).

8         The Ninth Circuit has consistently held that a "dispute between an insurer and its insureds

9   over the duties imposed by an insurance contract satisfies Article III's case and controversy

10  requirement." *Gov't Employees Ins. Co.*, 133 F.3d at 1222 n.2.  For instance, in *American States*

11  *Ins. Co. v. Kearns*, 15 F.3d 142, 144–45 (9th Cir. 1994), the Ninth Circuit determined that an

12  insurer had a ripe case or controversy where it sought a declaration regarding its obligations in a

13  pending state court action.  This is also consist with the United States Supreme Court's application

14  of the case and controversy requirement in *Maryland Casualty v. Pacific Coal & Oil Co.*, 312 U.S.

15  270, 61 S. Ct. 510 (1941), where the Court held that an insurer's declaratory action regarding its

16  duty to defend and indemnify was sufficiently ripe, even when the underlying liability action in state

17  court had not yet proceeded to judgment.  As one district court has stated, "a declaratory judgment

18  action brought by an insurer solely for the purpose of determining issues of coverage or its duty to

19  defend is sufficiently ripe for judicial review—even when the underlying liability of its insured has

20  not been adjudicated." *Colony Ins. Co. v. Events Plus, Inc.*, 585 F. Supp. 2d 1148, 1157 (D. Ariz.

21  2008).

22        Accordingly, the instant case is sufficiently ripe as there is a real dispute as to the extent to

23  which Plaintiff's are liable to Defendants and Intervenors.  Under Nevada law, the duty to defend

24  attaches upon notice of a demand against its insured, and a breach of the duty to settle within the

25  policy limits is immediate upon failure to settle when appropriate. *Allstate v. Miller*, 212 P.3d 318,

1    324–25.  Therefore disputes arising over an alleged breach constitute a case and controversy,

2    appropriately brought in this Court under the Declaratory Judgment Act.  Finding otherwise would

3    be a misapplication of this Circuit's law.

4    **C.      Plaintiff's Motion for Sanctions Is Denied**

5            Federal Rule of Civil Procedure 11 provides for the court to impose sanctions if papers filed

6    within the district court, signed by an attorney, are frivolous, legally unreasonable, or without

7    factual foundation.  The Rule states in relevant part:

8            (b)      By presenting to the court . . . a pleading . . . an attorney . . . is certifying that
                      to the best of that person's knowledge, information, and belief, formed after
9                     an inquiry reasonable under the circumstances
                      (1)      it is not being presented for any improper purpose, such as to harass
10                             or to cause unnecessary delay or needless increase in the cost of
                               litigation . . . .

11

12   Fed. R. Civ. P. 11(b) 2008).  Frivolous findings are "those that are both baseless and made without

13   a reasonable and competent inquiry."  *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).  The

14   court applies an objective standard to assess whether a good faith argument for the viewpoint exists

15   and the circumstances under which the paper was filed.  *See Hamer v. Career College Ass'n*, 979

16   F.2d 758 (9th Cir. 1992).

17           Plaintiff's request for sanctions is based on their claim that Intervenors' Motion to Intervene

18   is meritless under the law and unsupported by the factual allegations.  Plaintiff primarily relies on

19   Nevada law which states that third party claimants have no claim against an insurer.  *See* Nev. Rev.

20   Stat. 686A.310 (2008).  In particular Plaintiff relies on the Nevada Supreme Court case *Knittel v.*

21   *Progressive Cas. Ins. Co.*, 112 Nev. 8 (1996).  In that case, the court was presented with a scenario

22   where a plaintiff, pursuing a tort action against the alleged tortfeasor, attempted to bring an action

23   for declaratory judgment against the defendant's insurer to determine insurance coverage.  *Id.* at 9.

24   The court held "since [Plaintiff's] rights against [the insurance company] are contingent on her

25

1    successful litigation of a pending tort suit, [Plaintiff] can assert no legally protectable interest

2    creating a justiciable controversy ripe of declaratory relief." *Id.* at 11.  The Nevada Supreme Court

3    therefore affirmed the district court's dismissal of the plaintiff's claim.

4           Plaintiff urges the Court to consider this case as similar to *Knittles* and find that the case law

5    is clear that Intervenors do not have standing to intervene.   Plaintiff further contends that

6    Intervenors are using their motion to intervene for an improper purpose.   Plaintiff claims that

7    Intervenors' actions "amount to a bad faith attempt to increase the cost of litigation and harass the

8    Plaintiff by forcing the Plaintiff to bring this instant motion and seek dismissal of this meritless

9    claim."  (#52 pg. 6).

10          Plaintiff further asks this Court to disregard Intervenor's Opposition because it was filed

11   after the deadline.  (#62).  Intervenors filed a document incorrectly by the deadline (Plaintiff's

12   Opposition to Defendant's Motion to Compel Depositions and Countermotion to Compel Payment,

13   #56), and subsequently filed the Opposition almost three weeks later, presumably correcting the

14   earlier mistake. (Real Parties in Interests' Opposition to AAA's Motion for Sanctions, #65).  This

15   request is irrelevant as the Court should deny Plaintiff's Motion for Sanctions, regardless of the

16   failure to comply with the filing deadlines.

17          Plaintiff's arguments are unpersuasive simply because the actions of Intervenors do not rise

18   to a level of wrongful conduct.  In fact, as noted below, the Court is granting the Intervenors motion

19   to intervene.  The fact that Intervenors lack the ability to sue Plaintiff under a direct cause of action

20   does not necessarily mean that Intervenors lack the ability to intervene in a suit where they have an

21   interest that is going to be potentially affected.  Standing under the Constitution is not synonymous

22   with the ability to bring a direct cause of action. *See U.S. v. Carpenter*, 526 F.3d 1237, 1240 (9th

23   Cir. 2008); *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002). Accordingly,

24   sanctions are inappropriate in the present case.

25

**D.      Intervenors' Motion to Reconsider Should Be Granted**

Rule 24(a) reads: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practice matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." There are four requirements for intervention as of right under Fed. R. Civ. P. 24(a): (1) the intervention must be timely; (2) the movant must have a sufficiently protectable interest relating to the subject of the action; (3) the movant must be so situated that the disposition of the action may result in the practical impairment of the party's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the lawsuit. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001); *United States v. State of Oregon*, 913 F.2d 576, 587 (9th Cir. 1990), *cert. denied*, 501 U.S. 1250 (1991). Additionally, parties may move to intervene pursuant to Fed. R. Civ. P. 24(b), which governs permissive intervention. A court may, at its discretion, allow someone to intervene where they have a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. Pro. 24(b). "[P]ermissive intervention under part (b) is, by definition, subject to the discretion of the district judge." *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978).

In the present case, intervention is appropriate. Arguably, it is the Intervenors who have the most significant interest in the outcome of this action. Even though Intervenors cannot bring a third-party claim against Plaintiff, they are the party with a truly adverse interest. Accordingly, while Intervenors may not satisfy the standards for intervention of right, exercising the Court's discretion as to permissive intervention in this matter, it is appropriate to allow Intervenors to intervene in this suit for the purpose of contesting Plaintiff's attempt to secure a declaratory judgment in regards to the liability under the insurance contract with Defendant Chau.

///

## IV.   CONCLUSION

The Court has considered the pleadings and arguments of all parties.  IT IS HEREBY ORDERED that Plaintiff's motion (#77) is GRANTED.

IT IS FURTHER ORDERED that the November 4, 2009 Order is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions Pursuant to Rule 11 (#52) is DENIED.

IT IS FURTHER ORDERED that Buenaventuras' Motion to Reconsider (#64) is reconsidered by this Court and GRANTED and Benjamin D. Buenaventura, Jr., Mark Francis D. Buenaventura, Fides B. Palapar, Mary Christine B. Pangilinan, Laura E. Buenaventura, Maria A. Buenaventura, Rosalind Bacus, and Clara Deleon Buenaventura individually and as Special Administrator for the Estate of Benjamin Buenaventura are hereby permitted to intervene in this case.

IT IS FURTHER ORDERED that the Intervenors shall have fourteen (14) days from the entry of this Order to file their points and authorities in response to Plaintiff's Motion for Summary Judgment (#57).

IT IS FURTHER ORDERED that Plaintiff shall have seven (7) days to file reply points and authorities from the date which Intervenors' response is filed.

Dated: This 30th day of April, 2010.

_____
Robert C. Jones,
United States District Judge