# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AAA NEVADA INSURANCE COMPANY, | Case No.: 08-cv-00827-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| VINH CHAU; LANG CHAU; DOES 1-20; AND ROES 1-20, inclusive, | |
| Defendants. | |

## INTRODUCTION

Before this Court is Plaintiff's Motion for Summary Judgment (Motion, #57). This motion was reinstated for consideration on this Court's order vacating a previous order, which had improperly concluded that the Court was without jurisdiction. The Court also permitted Interveners to respond to Plaintiff's Motion for Summary Judgment, which they did so in a timely manner. (Response, #82). Plaintiff then filed a timely Reply (Reply, #92).

The Court has considered the arguments and pleadings filed by all parties.

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Summary Judgment (#57) is GRANTED.

## BACKGROUND

Defendant Vinh Chau ("Defendant") was insured by Plaintiff AAA Nevada Insurance Company ("AAA") when he was in a car accident with Benjamin Buenaventura, resulting in Buenaventura's death. Defendant's policy with AAA included bodily injury liability limits of $100,000 per person and $300,000 per accident. Defendant reported the accident to AAA on November 21, 2006. On December 18, 2006, Kristine Jansen of Christensen Law Office wrote

to AAA that she represented Clara Buenaventura and Benjamin Buenaventura in a claim for wrongful death against Defendant as a result of the accident.  In that letter, counsel for the Buenaventuras stated that her client would settle for the policy limits, provided (1) AAA paid within two weeks and (2) provided proof that those are the only policy limits available to provide compensation for his client.  In that correspondence, the Buenaventura's counsel did not identify all heirs of decedent or lienholders, nor provide a release.  AAA spent the next two weeks attempting to contact Jansen to follow up with its questions on these two matters and respond to the offer.  It went to the extent of physically visiting his offices, writing a check for the amount, but was unable to get in touch with Jansen.

In the months that followed, AAA continued to attempt to settle the offer with Jansen.  Finally in April 2007, Christensen Law Office wrote to AAA that its client was no longer willing to settle for the policy limits and alleged that AAA had failed to respond to the policy limits demand.  In September 2007, the parties attempting to intervene in this case filed a wrongful death action against Defendant.  They seek a judgment of $999,997.00.

AAA filed the present complaint in June 2008 for declaratory relief regarding the insurance policy.  (#1).  In April 2009, Benjamin Buenaventura, Jr., Mark Francis Buenaventura, Fides Palapar, Mary Christine Pangilinan, Laura Buenaventura, Maria Buenaventura, Rosalind Bacus, and Clara Deleon Buenaventura (collectively "the Buenaventuras" or "Interveners") moved to intervene.  (#33).  Through a series of motions and orders, this request was granted on April 30, 2010.  The Court also considered AAA's Motion for Summary Judgment (#28) and granted it, but reversed and/or vacated its prior order granting AAA's motion to file its summary judgment motion under seal (#28).  Accordingly, this Court directed AAA to refile its motion for summary judgment with the confidential portions redacted.  (#54).  AAA did so, filing the present motion for summary judgment under consideration (#57).

///

**DISCUSSION**

**A.      Rule 56 Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Id.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id*.

The Ninth Circuit recently addressed the propriety of multiple motions for summary judgment. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). The court stated, "we now hold explicitly that district courts have discretion to entertain successive motions for

summary judgment . . . ." *Id.* As noted by the court, Federal Rule of Civil Procedure 56 does not limit the number of motions that may be filed. Additionally, "the possibility of summary judgment remains on the table even after the district court has denied a summary judgment motion because that order is 'subject to reconsideration by the court at any time'" *Id.* (quoting *Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965)); *cf. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981))). It is therefore within the Court's discretion to consider this renewed motion for summary judgment.

**B.      Analysis**

Plaintiff seeks declaratory relief as to the applicability of the policy limits in this case. Plaintiff argues that the policy terms are unambiguous and limit recovery to $100,000 for this claim. Further, Plaintiff argues that it did not breach its duty to settle and did not act in bad faith by failing to settle within the arbitrary time set by Interveners' counsel. Interveners do not dispute the actual policy limits, but argue that there disputed material issues of genuine fact as to AAA's potential bad faith. Accordingly, due to AAA's correct and undisputed treatment of the policy limits, it is this Court's holding that AAA's policy with the Chau's is limited by the policy to $100,000.00. This only goes to their contractual liability, however, as the issue of bad faith could give rise to other damages.

**1.      Bad Faith**

Insurers have a special relationship with its insureds that arises under the implied covenant of good faith and fair dealing. *Allstate Insurance Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009). This duty does not arise out of contract, but rather the covenant is imposed on insurers by the law. *U.S. Fidelity & Guaranty Co. v. Peterson*, 91 Nev. 617, 620, 540 P.2d 1070

(1975). "A violation of the covenant gives rise to a bad-faith tort claim." *Miller*, 212 P.3d at 324. Bad faith is "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the [insurance] policy." *Id.* (quoting *Am. Escess Ins. Co. v. MGM*, 102 Nev. 601, 605, 729 P2d 1352 (1986)).

As recently discussed in *Miller*, there are duties that stem from the covenant of good faith and fair dealing, which when violated, give rise to claim of bad faith. Id. In particular, there are two general duties that insurers have to their insureds: the duty to defend and the duty to indemnify. *Id.* These duties then give rise to other duties. The discussion in *Miller* on this point is instructive:

> The duty to defend contains two potentially conflicting rights: the insurer's right to control settlement discussions and its right to control litigation against the insured. 14 *Couch on Insurance* 3d §§ 200:1, 203:1 (2005). Each of these contractual rights creates additional duties for the insurer. The right to control settlement discussions creates the duty of good faith and fair dealing during negotiations. See Couch, supra, at § 203:1 (stating that the insurer's right to control settlement negotiations may create a conflict of interest between the insurer and the insured, and therefore, the insurer must act in good faith and give the insured's interests equal consideration with its own). The right to control litigation creates the duty to defend the insured from lawsuits within the insurance policy's coverage. *Couch*, supra, at § 200:1.

*Miller*, 212 P.3d at 324–25. Accordingly, an insurance company's duty to defend, and potential duties that arise under this general duty, "attach[] upon notice of a demand against its insured." *See id.* at 325. It ends once the duty has been discharged. *Id.* at 326.

Another duty, which is the object of much of Plaintiffs' memorandum, is the duty to equally consider its insured's interests. This stems from the "special relationship between the insured and the insurer, which is similar to a fiduciary relationship." *Id.* at 325. Nevada, however, does not hold that the insurance company must place the insured's interests above the insurer's interest. *Id.* at 326. But, "at a minimum, an insurer must equally consider the insured's interest and its own." *Id.*

A recent case out of this District involves similar facts and is also instructive. In *Hicks v. Dairyland Insurance Company, et al.*, 2:08-cv-1687-RCJ-PAL, 2010 WL 2541175 (March 3, 2010). Relevant to this discussion, the Court found that as a matter of law, the defendant's actions in responding to and handling an underlying, arbitrary demand made by the plaintiff and his attorney Mr. Sampson, did not constitute bad faith. The demand letters in the two cases appear to be identical form demand letters, imposing the same time restrictions and providing the same medical release, but without attaching any medical records or release of liability.[1] In *Hicks*, the insurance company did not process the demand letter until after the two-week deadline, due to the fact that the claims adjuster was on vacation. However, once the insurer received the claim, it responded to the demand letter and sent out the medical requests the same day. The insurer offered the policy limit within three months of receiving the demand letter. Unlike the instant case, the medical costs incurred were minor at the time the demand letter was sent. Based on these factors, this Court concluded that, as a matter of law, the insurer had not acted in bad faith. The plaintiff could not show an absence of reasonable basis for not complying with the demand letter.

While the parties' briefs in the instant matter are lengthy, the issue is fairly simple: did AAA lack a reasonable basis to not settle in the time period set forth in the demand letter. The answer is clearly no. The following undisputed facts demonstrate this:

- Interveners' counsel made a 2 week "policy limits demand" on behalf of "Clara Buenaventura/Benjamin Buenaventura" for the death of Benjamin Buenaventura (*See* Ex. C, #57; Hughes Aff., Ex. U, #92).

- Repeated attempts were made to solicit the claim/demand and identify the potential claimants for the death of Mr. Buenaventura (i.e., the estate and all heirs), but

---

[1] This is clearly the *modus operandi* for Interveners' counsel, Christianson Law Offices. The Court is aware of at least three other cases in which the same demand letter was used, imposing an unreasonable time constraint on their demands for payment was sent by Interveners' counsel in what appear to be attempts to set up a bad faith claim. *See Pasina v. California Casualty Indemnity Exchange*, 2:08-cv-01199-RCJ-RJJ; *Hicks et al v. Dairyland Insurance Company et al*, 2:08-cv-01687-RCJ-PAL; and *Farmers Insurance Group v. Hunter et al.*, 2:09-cv-00206-KJD-RJJ; *see also Miller*, 212 P.3d at 323 (demanding an interpleader action and then bringing suit alleging bad faith when defendant's did not promptly comply with the demand).

Interveners' counsel's office refused to respond to Plaintiff's inquiries. (*See* Exs. D, E, F, H, I, J, and L, #57; Hughes Aff., #57; Hughes Aff., Ex. U, #92).

- Plaintiffs informed Defendants of the demand. (*See* Correspondence from AAA to Vinh Chau dated November 23, 2006, Ex. M, #57; Correspondence from AAA to Vinh Chau dated November 23, 2006, Ex. N, #57; Correspondence from AAA to Vinh Chau dated December 5, 2006, Ex. O, #57; Correspondence from AAA to Vinh Chau dated December 18, 2006, Ex. P, #57; Correspondence from AAA to Vincent Lee dated December 20, 2006, Ex. Q, #57).

- The demand on behalf of "Clara Buenaventura/Benjamin Buenaventura" was allowed to expire because Plaintiff could not verify that "Clara Buenaventura/Benjamin Buenaventura" were all of the potential claimants for this death (or even if this included the estate of the deceased) because Interveners' counsel would not respond to Plaintiff's inquiries. (*See* Ex. K, #57; Hughes Aff., #57; Hughes Aff., Ex. U, #92).

- After the policy limits demand expired, suit was filed by the Interveners' counsel not only on behalf of "Clara Buenaventura/Benjamin Buenaventura", but also seven more claimants. (*See* Ex. R, #57). Those same claimants comprise the Interveners in the instant litigation.

As a matter of law, Plaintiff's actions did not amount to bad faith. Plaintiff clearly had a reasonable basis for their failure to comply with the two-week deadline.

Interveners' argue that there are materially disputed facts regarding the reasonableness of Plaintiff's actions. Plaintiff recites evidence that AAA's agents knew the claim was going to exceed the policy limits (*see* Claim Log Notes, 11/28/2006, Ex. 1, #83); it was twenty-eight days after the injury that the demand letter was sent; the testimony of Interveners' insurance expert, James Mathis (Mathis Aff., Ex. 2, #84); Plaintiff's decision not to solicit the wrongful death claim (*see* Claim Log Notes, 11/29/2006 & 12/13/2006, Ex. 1, #83); Plaintiff's failure to settle within the time allowed by the demand letter; Plaintiff's alleged failure to keep its insureds informed of settlement; and AAA's "admission" that there were factual disputes as to the policy limits. None of this is sufficient to create a genuine dispute of material facts as to whether or not AAA lacked a reasonable basis to comply with the demand letter. Interveners' demand letter

1 was itself unreasonable and appears to be nothing more than an attempt to set up a potential bad

2 faith claim.  Accordingly, summary judgment is appropriate.

3 Interveners also seek for a Rule 56(f) continuance.  Federal Rule of Civil Procedure 56(f)

4 provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).  Interveners allege that additional discovery will show genuine issues of disputed material facts.  As already discussed, Plaintiff succeeds as a matter of law on the issue of reasonable basis to not comply with Interveners' demand letter.  Accordingly, the Court is unconvinced that any further discovery would result in contrary decision and in its discretion denies Interveners' request.

Finally, Interveners' also claim that this Court should deny the motion for summary judgment because it should not exercise or lacks jurisdiction over this matter.  This has been thoroughly considered and treated by this Court in its previous orders.  (*See* April 30, 2010 Order, #80).  Interveners present no additional reasons that persuade the Court to reconsider this issue for a third time in this litigation.

## CONCLUSION

The Court has considered the pleadings and arguments presented by all parties.

IT IS HEREBY ORDERED that Plaintiff AAA's Motion for Summary Judgment (#57) is GRANTED.  Plaintiff's liability under the insurance policy is fixed at $100,000.00 and

/ / /

Plaintiff's failure to settle within the time limit set by Interveners does not constitute bad faith under Nevada law.

DATED this 14th day of July, 2010.

_____
Gloria M. Navarro
United States District Judge