1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

AAA NEVADA INSURANCE COMPANY,    )    Case No.: 2:08-cv-827-GMN-CWH
)
           Plaintiff,    )    **ORDER**
   vs.      )
)
VINH CHAU; LANG CHAU; DOES 1-20; and  )
ROES 1-20, inclusive,    )
)
         Defendants.    )
)
BENJAMIN D. BUENAVENTURA, JR., et al.,  )
)
         Intervenors.    )
                      )

## INTRODUCTION

Before the Court is Plaintiff AAA Nevada Insurance Company's Motion for a Permanent Injunction (ECF No. 121).  Intervenors Benjamin D. Buenaventura, et al., filed a Response[1] (ECF No. 122) and Plaintiff filed a Reply (ECF No. 123).

## FACTS AND BACKGROUND

Defendant Vinh Chau ("Defendant") was insured by Plaintiff AAA Nevada Insurance Company ("AAA") when he was in a car accident with Benjamin Buenaventura, resulting in Buenaventura's death.  Defendant's policy with AAA provided bodily injury liability limits of $100,000 per person and $300,000 per accident. Defendant reported the accident to AAA on November 21, 2006.  On December 18, 2006, Kristine Jansen of Christensen Law Office wrote

---

[1] Intervenors' Response was filed in violation of Local Rule 7-4 which provides that responses to motions shall be limited to thirty (30) pages excluding the exhibits. The Response is thirty-seven (37) pages long, with a countermotion for relief from judgment and judicial assignment starting on page 33.  Because Intervenors did not ask permission to file a response that exceeds the page limit provided by the local rules, the Court does not consider any argument or motions contained after page 30 of the response.

1   to AAA that she represented Clara Buenaventura and Benjamin Buenaventura in a claim for

2   wrongful death against Defendant as a result of the accident.  In that letter, counsel for the

3   Buenaventuras stated that her client would settle for the policy limits, provided (1) AAA paid

4   within two weeks; and (2) provided proof that those are the only policy limits available to

5   provide compensation for his client. In that correspondence, the Buenaventuras' counsel did not

6   identify all heirs of decedent or lienholders, nor provide a release.  AAA spent the next two

7   weeks attempting to contact Jansen to follow up with its questions on these two matters and

8   respond to the offer.  It went to the extent of physically visiting his offices, writing a check for

9   the amount, but was unable to get in touch with Jansen.

10        In the months that followed, AAA continued to attempt to settle the offer with Jansen.

11  Finally in April 2007, Christensen Law Office wrote to AAA that its client was no longer

12  willing to settle for the policy limits and alleged that AAA had failed to respond to the policy

13  limits demand.  In September 2007, the parties attempting to intervene in this case filed a

14  wrongful death action against Defendant in the Eighth Judicial District Court, Case No.

15  A547906.

16        About eight months later, in June 2008, AAA filed the Complaint in this Court for

17  declaratory relief regarding the insurance policy. (ECF No.1.)  In April 2009, Benjamin

18  Buenaventura, Jr., Mark Francis D. Buenaventura, Fides B. Palapar, Mary Christine b.

19  Pangilinan, Laura E. Buenaventura, Maria A. Buenaventura, Rosalind Bacus, and Clara Deleon

20  Buenaventura (collectively "the Buenaventuras" or "Intervenors") moved to intervene. (ECF

21  No. 33.)  Through a series of motions and orders, this request was granted on April 30, 2010.

22  The Court also considered AAA's Motion for Summary Judgment (ECF No. 28), but reversed

23  and/or vacated its prior Order allowing AAA to file its motion for summary judgment under

24  seal (ECF No. 28.)  Accordingly, this Court directed AAA to re-file its motion for summary

25  judgment with only the confidential portions redacted. (ECF No. 54.)  AAA complied, and this

1    Court granted AAA's motion for summary judgment. (ECF No. 94.)

2        Thereafter, this Court's Judgment was appealed to the Ninth Circuit Court of Appeals

3    which found that the Intervenors did not have standing to appeal the decision and also affirmed

4    this Court's limitation on their intervention. (ECF No. 108)

5        The Intervenors then filed a new lawsuit on March 19, 2012 against Plaintiff in the

6    Nevada state court (hereinafter "state court case").  As part of that state action, Intervenors

7    requested "Relief From Declaratory Judgment." (State Court Complaint, Ex. B attached to Mtn.

8    for PI 31:22–32:12, ECF No. 121.)  Other relief requested in the state court case includes:

9    (1) "Renewal of Judgment;" (2) "Immediate Tender of Insurance Proceeds;" (3) "Judicial

10   Assignment of First Party Claims;" and (4) "Insurance Claims Practices Contrary to Public

11   Policy and Not in Good Faith."

12       Plaintiff AAA files the instant motion for a permanent injunction to shield and protect it

13   from having to re-litigate the same issues presented in this case once again in state court.

14   Plaintiff also asks the Court to issue sanctions against Intervenors' attorneys Tom Christensen,

15   Esq., Daniel Ryan, Esq. and the Christensen Law Firm for its conduct.

**DISCUSSION**

16

17   **A.    Injunctive Relief**

18       "The Anti-Injunction Act prohibits a federal court from enjoining state court

19   proceedings except where an injunction is 'expressly authorized by Act of Congress, or where

20   necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *G.C. and K.B.*

21   *Investments, Inc. v. Wilson*, 326 F.3d 1096, 1106–07 (9th Cir. 2003)(citing 28 U.S.C. § 2283).

22   The third exception, the re-litigation exception, allows a federal court to prevent state court

23   litigation of an issue that was previously presented to and decided by a federal court. *Wilson*,

24   326 F.3d at 1107(citing *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S.Ct. 1684

25   (1988).  An injunction could be appropriate when *res judicata* would bar the state court

1   proceeding even if there is no actual conflict between the federal court judgment and the state

2   court judgment. *Id.* (citing *Blalock Eddy Ranch v. MCI Telecommunications Corp.*, 982 F.2d

3   371, 375 (9th Cir. 1992).

4          Here, it is apparent that there is an actual conflict between the federal court judgment

5   and the state court proceeding.  Intervenors are clearly trying to circumvent the enforcement of

6   this Court's judgment in favor of Plaintiffs by asking the state court for relief from declaratory

7   judgment.  Intervenors specifically ask that this Court's judgment be declared void by the state

8   court.  Accordingly, injunctive relief is appropriate. *See id.* (Injunctive relief was appropriate

9   where Wilsons were trying to circumvent the enforcement of the district court's judgment in

10  favor of GC & KB when they asked the state court to find the judgment was void, vacated, and

11  of no force and effect.)

12         However, it is unclear if Plaintiffs are asking this Court to issue a permanent injunction

13  to prevent the entire state court case or only as to the fourth cause of action, thereby only

14  seeking to void this Court's declaratory judgment.  This Court is not authorized to issue an

15  injunction to prevent the state court from hearing the first and second claims for renewal of

16  judgment and immediate tender of insurance proceeds.  Furthermore, there is not enough

17  information before the Court to determine if the permanent injunction should apply to the third

18  and fifth causes of action for judicial assignment of first party claims and insurance claims

19  practices contrary to public policy and not in good faith.

20         Accordingly, this Court will issue a permanent injunction preventing Intervenors from

21  bringing any action that would ask another court to void this Court's Judgment.  This Court has

22  specifically found that Plaintiff's failure to settle within the time limit set by Intervenors does

23  not constitute bad faith under Nevada law.  Therefore that issue cannot be relitigated in the state

24  court proceeding.

25  / / /

**B.      Sanctions**

Plaintiff also requests sanctions against Tom Christensen, Esq., Daniel Ryan, Esq. and the Christensen Law Firm (collectively the "Firm") in the amount of at least $10,000.00.[2] Plaintiff asks for its "attorneys' fees and costs incurred not only in filing this Motion, but for all costs and fees associated with the improper attempts to manufacture this dispute." (Mtn. for PI, 14:5–7.)  This includes: fighting the state court case, including the filing of a lengthy motion for sanctions against the Firm, preparation of several motions to dismiss and motions for summary judgment, as well as future fees associated with any hearings on the matters and defending against any appeals that may also come.  Plaintiff claims it is entitled to an award for its fees and costs defending the frivolous state court case and any appeals that may follow, but is also requesting a large award of sanctions as a penalty to deter the firm from this nonsense.

Plaintiff argues that "[a] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).  In *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 873 (9th Cir. 1992), the Ninth Circuit affirmed that district courts have "inherent powers" to issue sanctions for bad faith litigation behavior, independent of the sanctions pursuant to Federal Rule of Civil Procedure 11.  In that case, the court also said the district court could issue sanctions for bad faith conduct in other tribunals.

Intervenors argue that in this matter, it would contravene the mandates of due process to allow sanctions to be issued at this time.  They argue that there has been no order to show cause or hearing on this matter and as such there has been no "opportunity to be heard."  Intervenors assert that it would be error to allow sanctions at this time because as was found in *Western Systems*, they have not received an appropriate hearing and have not had a proper opportunity

---

[2] Plaintiff demands $20,000.00 in the Conclusion of its Reply. (ECF No. 123)  However, in the body of the argument of the Reply, the amount requested remains at $10,000.00.

1   to contest the questions of bad faith and sanctions in this matter. *See id.*  In *Western Systems*,

2   the district court granted attorneys' fees at the same time that it granted the injunction. 958 F.2d

3   at 873.  Appellees were ordered to file an accounting of their costs and expenses and the only

4   opportunity for the appellants to respond was at a hearing on another matter.  The district court

5   did not allow the appellants to raise any objections to the written accounting of the fees and

6   costs.  The Ninth Circuit vacated the district court's award of sanctions and remanded it to the

7   district court for a hearing on the appropriateness and the amount of sanctions.

8      Intervenors also argue that failure to prevail on a claim by itself does not mean that the

9   filing and maintenance of the claim was unfounded. *Chambers v. NASCO, Inc.*, 501 U.S. 32,

10  53, 111 S.Ct. 2123 (1991).   Furthermore, they argue, "the imposition of sanctions under the

11  bad-faith exception depends not on which party wins the lawsuit, but how the parties conduct

12  themselves during litigation." *Id.*

13     Here, Plaintiff bases its claim for sanctions on the fact that the conduct of the Firm has

14  directly caused it to have to defend itself in state court against bad faith claims that were

15  already litigated to final judgment in this Court.  The Court agrees that Intervenors' claim of

16  relief in the state court case to declare this Court's judgment void is an impermissible claim

17  which would most likely never have been filed by a reasonable attorney.  Plaintiff's additional

18  reasons for imposing sanctions is based on Intervenors' conduct in the state court proceedings,

19  including some conduct that is not relevant at all to this Court's prior Judgment.  Thus, the

20  Court will not impose sanctions to the extent requested by Plaintiff.  The Court will allow

21  Plaintiff to recover attorneys' fees and costs incurred only in filing this motion for a permanent

22  injunction.  Plaintiff shall submit an accounting of such fees and costs according to Local Rule

23  54-1 and 54-16.  Intervenors will be given a fair opportunity to respond and object to Plaintiff's

24  accounting regarding the reasonableness of such fees and costs.

25  / / /

1

## <u>CONCLUSION</u>

2       **IT IS HEREBY ORDERED** that Plaintiff AAA Nevada Insurance Company's Motion

3   for a Permanent Injunction (ECF No. 121) and attorney's fees and costs are **GRANTED in**

4   **part**, as stated in this Order.

5       DATED this 14th day of August, 2012.

6

7

8                                         _____

9                                         Gloria M. Navarro
                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25