**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AAA NEVADA INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VINH CHAU; LANG CHAU; DOES 1-20; and ) <br> ROES 1-20, inclusive, ) <br> ) <br> Defendants, ) <br> ) <br> BENJAMIN D. BUENAVENTURA, JR., et al., ) <br> ) <br> Intervenors. ) <br> _____ ) | 2:08-cv-00827-RCJ-CWH <br><br> **ORDER** |

Currently before the Court is Plaintiff AAA Nevada Insurance Company's ("AAA") Motion for Attorney's Fees (#126).

**BACKGROUND**

On November 20, 2006, Defendant Vinh Chau was in a car accident with Benjamin Buenaventura, which resulted in Benjamin Buenaventura's death. Chau was insured under an AAA insurance policy at the time of the accident. The insurance policy with AAA provided bodily injury liability limits of $100,000 per person and $300,000 per accident. Chau reported the accident to AAA on November 21, 2006. On December 18, 2006, Kristine Jansen, Esq. of Christensen Law Offices, LLC ("Christensen Law Offices") wrote to AAA stating that she represented Clara Buenaventura and Benjamin Buenaventura in a claim for personal injuries against Vinh Chau as a result of the accident. In that letter, counsel for the Buenaventuras stated that the Buenaventuras were willing to settle for the policy limits provided that AAA would pay the limits within two weeks, and provide proof that those are the only policy limits available to provide compensation to her clients for the accident. Counsel for the

Buenaventuras did not identify all heirs of decedent or all lienholders, nor did counsel provide a release. AAA attempted to contact Jansen to follow up with questions on these two matters and respond to the offer, and went to the extent of physically visiting Jansen's offices and writing a check for the amount, but was unable to get in touch with Jansen. AAA continued to attempt to settle the offer with Jansen. Finally, in April 2007, Christensen Law Offices wrote to AAA that its client was no longer willing to settle for the policy limits and alleged that AAA had failed to respond to the policy limits demand.

In September 2007, heirs of Benjamin Buenaventura filed a wrongful death action against Chau in the Eighth Judicial District Court. In June 2008, AAA filed suit against Defendants Vinh Chau and Lang Chau, seeking a declaratory judgment finding that AAA's obligations to indemnify Vinh Chau and Lang Chau for any judgment by Clara Buenaventura and/or the remainder of Benjamin Buenaventura's heirs and/or the estate of Benjamin Buenaventura is subject to the policy limits of $100,000.00. In April 2009, Benjamin Buenaventura, Jr., Mark Francis D. Buenaventura, Fides B. Palapar, Mary Christine B. Pangilinan, Laura E. Buenaventura, Maria A. Buenaventura, Rosalind Bacus, and Clara Deleon Buenaventura (collectively, the "Intervenors" or "Buenaventuras") moved to intervene (#33). Ultimately, the Court granted (#80) the Motion to Intervene (#33) and allowed the Intervenors an opportunity to respond to a Motion for Summary Judgment (#57) filed by AAA. On July 15, 2010, the Court granted (#94) the Motion for Summary Judgment (#57), granting declaratory relief by issuing a declaration that AAA's liability under the insurance policy is fixed at $100,000.00 and AAA's failure to settle within the time limit set by Intervenors did not constitute bad faith under Nevada law.

On appeal, the Ninth Circuit found (#108) that the Intervenors did not have standing to sue AAA for a declaration of coverage because the Intervenors are not parties to the insurance contract between AAA and Chau, and do not have a judgment against Chau. The Ninth Circuit dismissed the appeal in part for lack of jurisdiction because Intervenors lacked standing to appeal. The Ninth Circuit affirmed the limitations on Intervenor's intervention at the district court level.

Intervenors filed a new lawsuit on March 19, 2012, against AAA in Nevada state court. As part of that action, Intervenors requested "Relief From Declaratory Judgment." (State Court Complaint, Ex. B attached to Mot. for Prelim. Inj. (#121).) AAA filed a Motion for a Permanent Injunction (#121), and the Court granted (#125) a permanent injunction preventing Intervenors from bringing a claim in state court to void this Court's declaratory judgment. The Court also stated that it would allow AAA to recover attorneys' fees and costs incurred in filing the Motion for Permanent Injunction (#121) because the Court found that Intervenors' claim of relief in the state court case to declare this Court's judgment void is an impermissible claim which would most likely never have been filed by a reasonable attorney. AAA was directed to submit an accounting of such fees and costs, and Intervenors were allowed an opportunity to respond and object to the accounting regarding the reasonableness of such fees and costs.

On August 15, 2012, AAA filed a Motion for Attorney's Fees (#126). On September 4, 2012, Intervenors filed a Notice of Automatic Stay and Bankruptcy Filing (#127), stating that Defendants Vinh Chau and Lang Chau filed for bankruptcy on August 28, 2012.

## DISCUSSION

**A. Automatic Stay Pursuant to 11 U.S.C. § 362**

Intervenors, in their notice of the automatic stay (#127), state that "the parties may not file any and all Motions, Responses, Oppositions, writs, Appeals or other pleadings until judicial clarification regarding the scope of the automatic stay is received." Intervenors "specifically reserve[d]" the right to file a response to Plaintiff's motion for attorney's fees (#126), a Rule 60(b) motion for relief from Order (#125) dated August 14, 2012, a notice of appeal from Order (#125) dated August 14, 2012, and a Rule 60(c) motion for relief from Judgment (#94).

On September 10, 2012, AAA filed a Notice of Non-Opposition (#129), requesting that the Motion for Attorney's Fees (#126) be granted in its entirety due to Intervenors' failure to oppose. AAA argues that the automatic stay pursuant to the Chaus' bankruptcy filing has no effect on the claims and motions pending against Intervenors. On September 12, 2012, Intervenors filed a response (#131) to the Notice of Non-Opposition (#129), claiming that the claims herein are so interrelated that the bankruptcy stay should apply against any

1 proceedings involving Intervenors.

2 The automatic stay "protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property." *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (citing *Advanced Ribbons & Office Prods. v. U.S. Interstate Distrib.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)). Plaintiff's motion for attorney's fees (#126) seeks fees and costs against Intervenors only, and does not concern property of the debtor. For that reason, the automatic stay does not apply to the motion (#126) or any other proceedings or claims concerning Intervenors without involving Defendants, the debtors in bankruptcy, and the Court may rule on the motion (#126).

**B. Motion for Attorney's Fees (#126)**

The Court previously ruled that fees and costs are appropriate in this matter due to the frivolousness of the claim brought by Intervenors in state court. However, at this time, the Court reconsiders the previous Order (#125) granting sanctions, as requested in Intervenors' response (#131) to the Notice of Non-Opposition (#129).

The procedural history in this case illuminates the need to reconsider sanctions. Initially, AAA filed this action without joining the Buenaventuras/Intervenors, despite seeking declaratory relief that AAA's liability for any claims filed by the Buenaventuras against Defendants would be limited to the policy limit of $100,000.00. In April 2009, Intervenors moved to intervene. The Court denied (#59) the motion to intervene initially because the Intervenors had not yet obtained a judgment in the underlying state court case. Intervenors filed a motion for reconsideration, and a motion to dismiss, wherein Intervenors argued that AAA's claims in this action were premature because the underlying state court action had not yet been resolved.

On November 4, 2009, the Court dismissed (#76) the action for lack of subject matter jurisdiction, finding that AAA had failed to establish that the action was ripe. Thereafter, the Court granted (#80) a motion to reconsider, vacated the November 4, 2009 Order (#76) dismissing the action, and allowed Intervenors to intervene for the purpose of contesting AAA's attempt to secure a declaratory judgment in regards to insurance liability because Intervenors

"[have the most significant interest in the outcome of this action." (Order dated April 30, 2010 (#80).)  On July 15, 2010, the Court granted (#94) summary judgment to AAA and issued declaratory relief that AAA's liability under the insurance policy with Defendants is fixed at $100,000.00 and AAA's failure to settle within the time limit set by Intervenors does not constitute bad faith.  The Ninth Circuit affirmed in part and dismissed in part Intervenors' appeal, noting that Nevada law does not recognize a right of action on the part of a third-party claimant against an insurance company for bad-faith refusal to settle. (Memorandum (#108).)  The remaining claims in the appeal were dismissed on the basis that the Buenaventuras do not have standing to appeal because they do not have standing to sue AAA. (*Id.*)

The Court recognizes, as it did previously, that Intervenors have the most significant interest in the outcome of this action, and had to pursue their rights diligently despite the procedural hurdles presented by the filing of this action prior to a judgment in the underlying state court action.  While the Court previously found that Intervenors did not act reasonably in filing the state court action seeking to overturn this Court's judgment, the Court hereby vacates the previous ruling (#125) with respect to sanctions, and denies the motion for attorney's fees (#126) on the basis that Intervenors did not act unreasonably under the complex procedural circumstances of this case, given their limited ability to participate in the proceedings herein due to the filing of this action before the state court action was resolved.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that AAA's Motion for Attorney's Fees (#126) is **DENIED**.  The previous Order (#125) is **VACATED IN PART** with respect to the granting of attorney's fees as sanctions.

DATED: This 7th day of February, 2013.

_____
United States District Judge

5