UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| AAA NEVADA INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>VINH CHAU; LANG CHAU; DOES 1-20; AND ROES 1-20, inclusive,<br><br>    Defendants,<br><br>BENJAMIN D. BUENAVENTURA, JR., et al.,<br><br>    Intervenors. | 2:08-cv-00827-RCJ-CWH<br><br>**ORDER** |

Currently before the Court is the Buenaventuras' Motion to Strike (ECF No. 134) the Court's July 15, 2010 Order granting AAA's motion for summary judgment. AAA has responded and moved for leave to file a sur-reply (ECF No. 137). For the reasons stated herein, the Motion to Strike is granted, and the Motion for Leave is denied as moot.

**I.    FACTS AND PROCEDURAL HISTORY**

On November 20, 2006, Defendant Vinh Chau was in a car accident with Benjamin Buenaventura, which resulted in Benjamin Buenaventura's death. Chau was insured under an AAA insurance policy at the time of the accident. The AAA policy provided bodily injury liability limits of $100,000 per person and $300,000 per accident. Chau reported the accident to AAA on November 21, 2006. On December 18, 2006, Kristine Jansen, Esq. of Christensen Law Offices, LLC ("Christensen Law Offices") wrote to AAA stating that she represented Clara Buenaventura and Benjamin Buenaventura in a claim for personal injuries against Vinh Chau.

The letter also stated that the Buenaventuras were willing to settle for the policy limits, provided that AAA paid the limits within two weeks. Notably, Jansen's letter did not indicate whether there were any other potential claimants or lienholders to include on the draft, nor did it provide a release. Counsel for AAA spent the next two weeks attempting to inquire about these matters and accept the offer, but even after physically visiting Christensen Law Offices, it was unable to contact Jansen. AAA continued its attempt to settle with Jansen until April 2007, when Christensen Law Offices sent a letter withdrawing its offer and alleging that AAA had failed to respond to the policy limits demand.

In September 2007, the heirs of Benjamin Buenaventura filed a wrongful death action against the Chaus in Nevada's Eighth Judicial District Court. In June 2008, AAA filed suit against Defendants Vinh Chau and Lang Chau, in this Court, seeking a declaratory judgment establishing: (1) that AAA had a reasonable basis for failing to settle the negligence claim within the Buenaventuras' two week demand; (2) that AAA's liability was limited to the Chaus' $100,000 policy limits; and (3) that AAA had not acted in bad faith. (Compl., ECF No. 1, at 4–5). Although it essentially sought a judicial declaration limiting its liability for the Buenaventuras' potential claims, AAA filed this action without joining the Buenaventuras. (*See id.*). It likewise failed to notify them, and even stipulated with the Chaus to have the record sealed. (Stipulation, ECF No. 15).

Several months later, Buenaventura's heirs (collectively, the "Intervenors" or "Buenaventuras") learned of the action and moved to intervene. (Mot. to Intervene, ECF No. 33). The Court initially denied the motion, finding that the Buenaventuras lacked standing because they had not obtained a judgment in the underlying wrongful death action. (ECF No. 59). The

Buenaventuras filed a motion for reconsideration and a motion to dismiss, wherein they argued that AAA's claims were likewise premature because the underlying action had not been resolved. (ECF Nos. 63 and 64).

On November 4, 2009, the Court found that AAA had failed to establish ripeness and dismissed the action for lack of subject matter jurisdiction. (ECF No. 76). Thereafter, the Court granted a motion to reconsider, vacated the order dismissing the action, and allowed the Buenaventuras to intervene for the limited purpose of opposing AAA's motion for summary judgment. (Order, ECF No. 80). Explaining its decision, the Court noted, "even though Intervenors cannot bring a third-party claim against Plaintiff, they are the party with a truly adverse interest. Accordingly, while Intervenors may not satisfy the standards for intervention of right, exercising the Court's discretion as to permissive intervention in this matter, it is appropriate to allow Intervenors to intervene in this suit for the purpose of contesting Plaintiff's attempt to secure a declaratory judgment in regards to the liability under the insurance contract with Defendant Chau." (Order, ECF No. 80, at 8). The Court required the Intervenors to file a response within 14 days, (*Id.*), and denied their motion for additional time to conduct discovery, (ECF No. 94).

Shortly after Intervenors filed their response, the case was reassigned to the Hon. Gloria M. Navarro. (Min. Order, ECF No. 93). On July 15, 2010, Judge Navarro granted the motion for summary judgment and entered a declaratory judgment establishing that: (1) AAA's liability under the policy is fixed at $100,000; and (2) AAA's failure to settle within the time limit set by intervenors did not constitute bad faith under Nevada law. (ECF No. 94).

On appeal, the Ninth Circuit affirmed in part and dismissed in part, but it did not reach the merits of the declaratory judgment action. Instead, it held that the Buenaventuras lacked standing to sue AAA for a declaration of coverage, and thus lacked standing to appeal, because they were not parties to the insurance contract and did not have a judgment in the underlying negligence action against the Chaus. (Mem. Op., Dec. 22, 2011, ECF No. 108, at 3).

In January 2012, the Buenaventuras obtained a verdict substantially exceeding the AAA policy limits in their underlying wrongful death action against the Chaus. On March 19, 2012, they filed a new law suit against AAA, in Nevada state court, requesting, among other things, relief from this Court's declaratory judgment. (State Ct. Compl., ECF No. 121, at Exhibit B). This Court subsequently granted AAA's motion to permanently enjoin Intervenors from bringing a state court claim to void the declaratory judgment. (ECF No. 125). AAA then removed the new state court action, which has now been consolidated into the instant action.

On September 12, 2012, the original declaratory judgment action was reassigned back to the Hon. Chief Judge Robert C. Jones. On February 7, 2013, this Court entered an order denying AAA's request for attorney's fees (ECF No. 133). The Buenaventuras now move, under Rule 60 of the Federal Rules of Civil Procedure, to strike the July 15, 2010 order granting AAA's motion for summary judgment (the "Order"). (ECF No. 134). AAA has responded and filed motion for leave to file a sur-reply, contending that the Buenaventuras improperly presented new arguments in their reply. (ECF No. 137). The Court now considers the pending motions.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a catch-all provision that "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted).

### III.     ANALYSIS

While the procedural posture of this case is unnecessarily complex, the proper course with respect to the pending motions is straightforward: The Ninth Circuit held that the Buenaventuras lacked standing to sue for declaration of coverage, (Mem. Op., ECF No. 108, at 2–3); therefore, a judicial declaration that denies or limits coverage cannot bind them. *See* Restatement (Second) of Judgments § 38 (1982) ("Parties who are not adversaries to each other under the pleadings in an action involving them and a third party are bound by and entitled to the benefits of issue preclusion *with respect to issues they actually litigate fully and fairly as adversaries to each other* and which are essential to the judgment rendered.") (emphasis added); *see also Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) ("A party's interest is an adverse legal interest within the meaning of the Declaratory Judgment Act when it relates to 'a case of actual controversy within [the

court's] jurisdiction.'" (quoting 28 U.S.C. § 2201)). *cf. Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F.Supp.2d 1191, 1206 (D. Nev. 2009)( "[W]here a plaintiff seeks injunctive or declaratory relief and a third-party has an enforceable interest in the subject matter of the dispute, the court cannot grant complete relief in the third party's absence."). Nonetheless, this is exactly what the declaratory relief portends to do. Coupled with the preliminary injunction, it flatly prohibits the Buenaventuras, the true parties in interest, who lacked standing to contest its entry, from seeking a judgment from AAA in excess of the policy limits. Furthermore, the Order appears to allow AAA to anticipatorily adjudicate the Buenaventuras' prospective bad faith claims. (State Ct. Compl., ECF No. 121, at Exhibit B). This is improper, as "it is not one of the purposes of the declaratory judgment act to enable a prospective negligence action defendant to obtain a declaration of non-liability." 10B Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2765; *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 (5th Cir. 1991); *UNC Resources, Inc. v. Benally*, 518 F.Supp. 1046, 1049 (D. Az. 1981); *Southern Ins. Co. v. Bennett*, 680 F.Supp. 387, 389 (D. Ga. 1988).

  In short, the declaratory judgment, as applied against the Buenaventuras is a violation of due process; it peremptorily eliminates their potential causes of action by shielding AAA from liability, beyond the policy limits, for any conduct associated with the handling of this case. This is particularly obvious with respect to potential claims of bad faith stemming from conduct not yet considered by this Court. Indeed, the declaratory judgment is based only on a finding that AAA acted in good faith during the first two months it handled the claim, and thus, the Court has not considered AAA's ongoing duties, both under and beyond the contract, which existed through the conclusion of its defense in the underlying wrongful death action. These include,

among other things, the duty to inform the Chaus of reasonable settlement offers tendered after the grant of declaratory relief. If, however, the declaratory judgment is permitted to stand, then assuming, arguendo, that AAA breached an ongoing duty, the Buenaventuras would effectively be prevented from seeking their excess judgment by prosecuting assigned claims arising from such conduct. The Court finds that as a matter of due process and public policy AAA simply cannot preemptively eliminate such claims by relying on a nonbinding declaratory judgment that purports to cap its liability at the policy limits. Accordingly, the Court finds that this case presents circumstances sufficient to strike a judgment under Rule 60(b)(6). The declaratory judgment (ECF No. 94) is, therefore, stricken.

## CONCLUSION

IT IS HEREBY ORDERED that Intervenors' Motion to Strike (ECF No. 134) is Granted.

IT IS FURTHER ORDERED that the Court's July 15, 2010 Order granting summary judgment (ECF No. 94) is hereby STRICKEN.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Sur-Reply is DENIED as moot.

IT IS SO ORDERED.

Dated: November 26, 2013

_____
ROBERT C. JONES
United States District Judge