# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| AAA NEVADA INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>vs. )<br><br>)<br><br>VINH CHAU; LANG CHAU; DOES 1-20; )<br>AND ROES 1-20, inclusive, )<br><br>Defendants, )<br><br>BENJAMIN D. BUENAVENTURA, JR., et )<br>al., )<br><br>Intervenors. ) | 2:08-cv-00827-RCJ-CWH<br><br>**ORDER** |

This case arises out of an alleged bad-faith failure to settle an insurance claim. The Buenaventuras have filed an "omnibus motion," (ECF No. 148), which includes: (1) a motion to clarify the status of a related, automatic bankruptcy stay; (2) a motion for a scheduling order or, in the alternative, an order requiring AAA to participate in a Rule 26(f) meet and confer; (3) a motion to amend the complaint; and (4) a motion for an order confirming the oral assignment of the Chaus' claims against AAA. Instead of opposing the motion, AAA has moved for an extension of time to respond (ECF No. 155).The Buenaventuras have also moved for Rule 11 sanctions (ECF No. 149). For the reasons stated herein, the omnibus motion and the motion for sanctions are denied, and the motion to extend time is denied as moot.

## I.   Facts and Procedural History

On November 20, 2006, Defendant Vinh Chau was in a car accident with Benjamin Buenaventura, which resulted in Benjamin Buenaventura's death. Chau was insured under an

AAA insurance policy at the time of the accident. The AAA policy provided bodily injury liability limits of $100,000 per person and $300,000 per accident. Chau reported the accident to AAA on November 21, 2006. On December 18, 2006, Kristine Jansen, Esq. of Christensen Law Offices, LLC ("Christensen Law Offices") wrote to AAA stating that she represented Clara Buenaventura and Benjamin Buenaventura in a claim for personal injuries against Vinh Chau. The letter also stated that the Buenaventuras were willing to settle for the policy limits, provided that AAA paid the limits within two weeks. Notably, Jansen's letter did not indicate whether there were any other potential claimants or lienholders to include on the draft, nor did it provide a release. Counsel for AAA spent the next two weeks attempting to inquire about these matters and accept the offer, but even after physically visiting Christensen Law Offices, it was unable to contact Jansen. AAA continued its attempt to settle with Jansen until April 2007, when Christensen Law Offices sent a letter withdrawing its offer and alleging that AAA had failed to respond to the policy limits demand.

In September 2007, the heirs of Benjamin Buenaventura filed a wrongful death action against the Chaus in Nevada's Eighth Judicial District Court. In June 2008, AAA filed suit against Defendants Vinh Chau and Lang Chau, in this Court, seeking a declaratory judgment establishing: (1) that AAA had a reasonable basis for failing to settle the negligence claim within the Buenaventuras' two week demand; (2) that AAA's liability was limited to the Chaus' $100,000 policy limits; and (3) that AAA had not acted in bad faith. (Compl., ECF No. 1, at 4–5). Although it essentially sought a judicial declaration limiting its liability for the Buenaventuras' potential claims, AAA filed this action without joining the Buenaventuras. (*See*

*id.*). It likewise failed to notify them, and even stipulated with the Chaus to have the record sealed. (Stipulation, ECF No. 15).

Several months later, Buenaventura's heirs (collectively, the "Intervenors" or "Buenaventuras") learned of the action and moved to intervene. (Mot. to Intervene, ECF No. 33). The Court initially denied the motion, finding that the Buenaventuras lacked standing because they had not obtained a judgment in the underlying wrongful death action. (ECF No. 59). The Buenaventuras filed a motion for reconsideration and a motion to dismiss, wherein they argued that AAA's claims were likewise premature because the underlying action had not been resolved. (ECF Nos. 63 and 64).

On November 4, 2009, the Court found that AAA had failed to establish ripeness and dismissed the action for lack of subject matter jurisdiction. (ECF No. 76). Thereafter, the Court granted a motion to reconsider, vacated the order dismissing the action, and allowed the Buenaventuras to intervene for the limited purpose of opposing AAA's motion for summary judgment. (Order, ECF No. 80).  Explaining its decision, the Court noted, "even though Intervenors cannot bring a third-party claim against Plaintiff, they are the party with a truly adverse interest. Accordingly, while Intervenors may not satisfy the standards for intervention of right, exercising the Court's discretion as to permissive intervention in this matter, it is appropriate to allow Intervenors to intervene in this suit for the purpose of contesting Plaintiff's attempt to secure a declaratory judgment in regards to the liability under the insurance contract with Defendant Chau." (Order, ECF No. 80, at 8). The Court required the Intervenors to file a response within 14 days, (*Id.*), and denied their motion for additional time to conduct discovery, (ECF No. 94).

Shortly after Intervenors filed their response, the case was reassigned to the Hon. Gloria M. Navarro. (Min. Order, ECF No. 93). On July 15, 2010, Judge Navarro granted the motion for summary judgment and entered a declaratory judgment establishing that: (1) AAA's liability under the policy is fixed at $100,000; and (2) AAA's failure to settle within the time limit set by intervenors did not constitute bad faith under Nevada law. (ECF No. 94).

On appeal, the Ninth Circuit affirmed in part and dismissed in part, but it did not reach the merits of the declaratory judgment action. Instead, it held that the Buenaventuras lacked standing to sue AAA for a declaration of coverage, and thus lacked standing to appeal, because they were not parties to the insurance contract and did not have a judgment in the underlying negligence action against the Chaus. (Mem. Op., Dec. 22, 2011, ECF No. 108, at 3).

In January 2012, the Buenaventuras obtained a verdict substantially exceeding the AAA policy limits in their underlying wrongful death action against the Chaus. On March 19, 2012, they filed a new law suit against AAA, in Nevada state court, requesting, among other things, relief from this Court's declaratory judgment. (State Ct. Compl., ECF No. 121, at Exhibit B). This Court subsequently granted AAA's motion to permanently enjoin Intervenors from bringing a state court claim to void the declaratory judgment. (ECF No. 125). AAA then removed the new state court action, which has now been consolidated into the instant action. (*See* Order, ECF No. 143).

On September 12, 2012, the original declaratory judgment action was reassigned back to the Hon. Chief Judge Robert C. Jones. On February 7, 2013, this Court entered an order denying AAA's request for attorney's fees (ECF No. 133). On November 26, 2013, the Court entered an order granting the Buenaventuras' motion to strike the July 15, 2010 order granting AAA's

motion for summary judgment. (Order, ECF No. 145, at 7 (granting Mot. Strike, ECF No. 134)). The Court also denied AAA's motion to stay proceedings pending the resolution of the Buenaventuras' appeals from the bankruptcy court's orders refusing to assign them the Chaus' claims against AAA. (Order, Dec. 11, 2013, ECF No. 147). On December 23, 2013, AAA filed a notice of appeal from this Court's November 26, 2013 order striking the July 15, 2010 grant of summary judgment, (ECF No. 150), and on January 6, 2014, The Ninth Circuit Court of Appeals entered an order to show cause, suggesting that it may lack jurisdiction over the appeal. However, the Ninth Circuit discharged the order to show cause on April 16, 2014. (USCA Order, ECF No. 160, at 1). Specifically, the court found the issue unfit for disposition on the order to show cause and ordered the parties to address the jurisdictional question in their substantive briefs. (*Id.*).

The Buenaventuras have now filed an "omnibus motion," which includes: (1) a motion to clarify the status of the automatic bankruptcy stay; (2) a motion for a scheduling order or, in the alternative, an order requiring AAA to participate in a Rule 26(f) meet and confer; (3) a motion to amend the complaint; and (4) a motion for an order confirming the oral assignment of the Chaus' claims against AAA. (Omnibus Mot., ECF No. 148). Instead of filing a substantive opposition, AAA has moved for an extension of time to respond, arguing that (1) AAA's notice of appeal stays all briefing on the omnibus motion; and (2) the omnibus motion requests specific relief as to assets in the Chaus' bankruptcy estate, which the bankruptcy court refused grant in an order currently on appeal before the Bankruptcy Appellate Panel. (ECF No. 159). The Buenaventuras have also moved for sanctions, arguing that AAA brought its motion to stay proceedings pending the bankruptcy appeal without a proper purpose. (ECF No. 148, at 5). The

Buenaventuras also allege that AAA misrepresented certain facts in an affidavit supporting the motion to stay. (*Id.* at 6). AAA has opposed the motion for sanctions and denies these allegations. (ECF No. 154). The Court now considers the pending motions.

## II.    Omnibus Motion (ECF No. 148) and Motion to Extend Time (ECF No. 155)

AAA moves for an order extending its time to respond to the omnibus motion until the resolution of its appeal before the Ninth Circuit. (ECF No. 155). The Court, however, finds that it was divested of jurisdiction to hear the omnibus motion upon the filing of the notice of appeal. The omnibus motion is therefore denied without prejudice, and the motion to extend time is denied as moot.

As both parties acknowledge, a notice of appeal would generally divest this Court of jurisdiction to consider the Buenaventuras' motion, which raises issues involved in the appeal. (*See* Mot. Extend Time, ECF No. 155, at 3; Opp'n, ECF No. 157, at 2). This is correct. "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). The Buenaventuras, however, contend that this general rule should not apply because "the order appealed was not an appealable order and will be dismissed shortly." (Opp'n to Mot. Extend Time, ECF No. 157, at 2). In support of their position, the Buenaventuras cite the Ninth Circuit's order to show cause why the appeal should not be dismissed for lack of jurisdiction. (*Id.* at 4). According to the Buenaventuras, this order somehow demonstrates that the Ninth Circuit *actually* lacks jurisdiction, meaning that this Court is not divested of its jurisdiction. (*Id.* at 4–5). The Court

6

disagrees.[1] In addition to this argument's obvious defects, the Ninth Circuit has subsequently discharged the order to show cause and ordered the parties to address the jurisdictional issue in their substantive briefs. (USCA Order, ECF No. 160, at 1). Thus, whatever merit the Buenaventuras' jurisdictional challenge may have, it is not for this Court to decide, and it should be made to the Ninth Circuit. Because the Ninth Circuit has not ruled otherwise, this Court remains divested of jurisdiction to hear the omnibus motion, and it is therefore denied without prejudice. Accordingly, the motion to extend time is denied as moot.

### III.    Motion for Rule 11 Sanctions (ECF No. 149)

The Court is not persuaded that AAA's unsuccessful motion to stay warrants Rule 11 sanctions. Pursuant to Federal Rule of Civil Procedure 11, an attorney signing, filing, advocating, etc. a pleading thereby represents to the court, *inter alia*, that the legal contentions therein are warranted by existing law or a nonfrivolous argument for extending existing law, and that the factual claims have evidentiary support. Fed. R. Civ. P. 11(b)(2)–(3). A court may upon motion sanction a party or an attorney monetarily or otherwise to the extent sufficient to deter repetition by the violator or others similarly situated. Fed. R. Civ. P. 11(c)(2), (4). Monetary sanctions

---

[1] The Court acknowledges that "where the deficiency in a notice of appeal, by reason of . . . reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction," *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). However, at this stage, it is neither clear to this Court nor, apparently, the Ninth Circuit, that the order appealed is not appealable. Indeed, the relevant rule is that "[o]rders vacating judgments *without more* under Rule 60(b) are interlocutory orders which are not appealable," *Ballard v. Baldridge*, 209 F.3d 1160 (9th Cir. 2000) (emphasis added), and the Ninth Circuit has specifically ordered the parties to brief this issue in their substantive briefs, (USCA Order, ECF No. 160, at 1). Thus, this Court declines to find, at this stage, that the order is *clearly* not appealable such that the notice of appeal should be disregarded. *See Ruby*, 365 F.2d at 389 ("If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals.").

should be based upon the costs arising out of the violation, Fed. R. Civ. P. 11(c)(4), and may not be awarded against a party for violation of Rule 11(b)(2) by the party's attorney. Fed. R. Civ. P. 11(c)(5)(A). A motion for sanctions may not be filed unless and until the movant has served the alleged violator with the proposed motion under Rule 5 and waited twenty-one days to file the motion with the court, during which time period the alleged violator may withdraw the offending motion to prevent the movant from filing the proposed motion with the court. Fed. R. Civ. P. 11(c)(2).

As an initial matter, the Buenaventuras do not attest that they have complied with Rule 11(c)(2)'s "safe harbor" provision, and nothing in the record suggests that they have. Instead, the certificate of service states that the motion was served on December 19, 2013— the same date it was filed with this Court. (Mot. Sanctions, Certificate of Service, ECF No. 149, at 9). The motion for sanctions is therefore improper and consequently denied.

Moreover, even a cursory review reveals that the motion's two substantive arguments are largely without merit. First, the Buenaventuras contend that AAA brought its motion to stay proceedings pending the bankruptcy appeal (ECF No. 142) without any legitimate purpose. (Mot. Sanctions, ECF No. 149, at 6). This argument is unpersuasive, and it boarders on frivolous in light of the Buenaventuras' omnibus motion, which seeks similar relief. Specifically, in its motion, AAA sought a stay because, *inter alia*, the Buenaventuras are attempting to force the assignment of the disputed bad faith claims in another jurisdiction, (Mot. Stay, ECF No. 142, at 10), and in the omnibus motion, the Buenaventuras move this Court to conclude, *inter alia*, that: (1) an oral assignment is sufficient to establish their right to pursue the bad faith claims; and (2) the pending bankruptcy appeal does not prevent this action from moving forward, (Omnibus

Mot., ECF No. 148, at 5–7, 8–11). Therefore, because the Buenaventuras themselves argue that issues related to the effect of the bankruptcy appeal are properly before this Court, they cannot be heard to argue that AAA should be sanctioned for moving to stay this action pending the resolution of that appeal. Second, to the extent that the Buenaventuras argue that AAA's counsel misrepresented facts in an affidavit supporting the motion to stay, (*see* Mot. Sanctions, ECF No. 149, at 6), the Court is not persuaded. The moving papers filed by both parties strongly suggest that the alleged misrepresentation is really more of a mischaracterized misunderstanding than a misrepresentation worthy of sanctions. (*Compare* Opp'n, ECF No. 154, at 6–7 (citing affidavits and suggesting that the alleged misrepresentation was, at most, a misunderstanding), *with* Reply, ECF No. 156, at 6 (repeating, word-for-word, the argument made in the motion and failing to reply to AAA's characterization of the alleged misrepresentation)).

## CONCLUSION

IT IS HEREBY ORDERED that the Intervenors' omnibus motion (ECF No. 148) is DENIED without prejudice.

IT IS FURTHER ORDERED that AAA's motion to extend time (ECF No. 155) is DENIED as moot.

IT IS FURTHER ORDERED that Intervenors' motion for sanctions (ECF No. 149) is DENIED.

IT IS SO ORDERED.

Dated:  June 9, 2014.

_____
ROBERT C. JONES
United States District Judge